MIDWAY CO. et al. v. EATON et al. (Circuit Court of Appeals, Eighth Circuit. January 4, 1904.) No. 1,916. Appeal from the Circuit Court of the United States for the District of Minnesota. Walter Ayers and P. H. Seymour, for appellant Midway Co. L. C. Harris (J. L. Washburn, on the brief), for appellees. Before SANBORN, THAYER, and HOOK, Circuit Judges.

PER CURIAM. This was a bill filed by Frank W. Eaton, the Nikaniss Company, a corporation, Robert H. Fagin, and Margaretha Lonstorf, the appellees, against the Midway Company, James Belden, and Charles W. Hillard, the appellants, to establish the complainants' title to a certain tract of land described as the N. W. ¼ of the S. E. ¼ of section 30, in township 63 N., of range 11 W. of the fourth principal meridian, situated in Lake county, in the state of Minnesota, and to obtain an adjudication that the defendants below, the appellants in this court, have no right, title, interest, or estate in or to said land or any part thereof; also to obtain a decree that the Midway Company and James Belden convey, by proper and sufficient instrument of conveyance, all their right, title, and interest in and to said land to the complainants below. The bill was originally filed in the district court for the county of St. Louis, within the Eleventh judicial district of the state of Minnesota, whence it was removed to the Circuit Court of the United States for the District of Minnesota (98 Fed. 23), where it was eventually tried, resulting in a decree in favor of the complainants below. The decree of the lower court granted to the complainants substantially all of the relief which they prayed for in their bill.

The case comes to this court on an appeal from said decree, which was taken by the defendants below. An examination of the record in this case discloses that it involves substantially the same questions which were considered and decided by the Supreme Court of the United States in Midway Company v. Eaton, 183 U. S. 602, 22 Sup. Ct. 261, 46 L. Ed. 407; and on the authority of that decision the decree of the lower court appears to be right, and it is accordingly affirmed.